UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTA GUEVARA, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action*

Plaintiff,

-v.-

GOLDEN STAR DELI INC., et al.,

Defendants.

23 Civ. 5258 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

On June 22, 2026, Plaintiff filed a notice of voluntary dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), of this Fair Labor Standards Act ("FLSA") case against Defendant Golden Star Deli Inc.[1] ECF No. 28. On July 29, 2026, the Court directed Plaintiff to review the Second Circuit's opinion in *Samake v. Thunder Lube, Inc.*, 24 F.4th 804 (2d Cir. 2022), and certify that there has been no settlement of FLSA claims. ECF No. 29. On August 3, 2026, Plaintiff filed a letter informing the Court that the parties have not reached a settlement. ECF No. 30.

In *Samake v. Thunder Lube, Inc.*, the Second Circuit held that the Court must evaluate voluntary dismissals of FLSA claims without prejudice under Fed. R. Civ. P. 41(a)(1)(A) to ensure that they do not obscure a settlement. 24 F.4th at 807. The Court now concludes that there is no underlying settlement. The Court therefore accepts Plaintiff's voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

[1] On April 10, 2024, the Court dismissed the claims against Defendant Sidiq Mohamed Alrobeyee without prejudice after Plaintiff had failed to either effect service on Defendant Alrobeyee or show good cause for failure to file proof of service. ECF No. 14.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: August 14, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge